## Abbott v. Vinson.

(Decided October 8, 1929.)

C. F. SEE, Jr., W. J. ROBERTS and JOHN F. COLDIRON

CAIN & THOMPSON and WAUGH & HOWERTON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE McCANDLESS—Reversing.

This is a companion case to that of Mrs. Mary Abbott v. Robert L. Vinson, 20 S. W. (2d) —, this day decided. Both cases were considered by the court at the same time. In this case the petition reads:

"The plaintiff, Mrs. Mary Abbott, for her petition herein states that the defendant, Mrs. Lutie Vinson, on or about the 17th day of June, 1927, in the city of Louisa, Lawrence county, Kentucky, falsely and maliciously spoke and published in the presence and within the hearing of plaintiff and Lucille Roberts, Ruby Roberts, Lenore Roberts, Miss Jones, John D. Marcum, and divers other persons to the plaintiff unknown, of and concerning plaintiff, in substance these words: 'You sold Paul Frazier the dope that caused him to kill himself. I saw you sell him eight ounces of dope in a bottle, and I have the bottle which contained it. I have three bushel basketsful of eight-ounce dope bottles which came from your store, and which were labeled "Abbott's Pharmacy," and which had been sold by you'— thereby falsely and maliciously imputing to plaintiff the crime of unlawfully selling drugs and narcotics in violation of the laws of the United States, and particularly, the law known as the Harrison Narcotic Act, and amendments thereto.

"Plaintiff states that by reason of the matters above set out, and because of the false and malicious speaking and publishing of the slanders aforesaid, she has been damaged in the sum of twenty-five thousand dollars ($25,000.00), all of which sum is due and unpaid."

A demurrer was sustained to it, and appellant filed an amended petition, reading:

"The plaintiff, Mary Abbott, and before answer, amends her original petition herein, and, re-

affirming all the allegations of her original petition therein, for amendments states: That the defendant, Mrs. Lutie Vinson, at the time and on the occasion of making of the false and slanderous statements set out in her petition, on or about June 17, 1927, and as a part of the conversation of statements made by the defendant as set out in her petition herein, stated that the plaintiff had sold Paul Frazier the morphine that caused him to kill himself. 'That I saw you sell him eight ounces of paregoric in a bottle, and I have the bottle which contained it. I have three bushel baskets full of eight-ounce dope bottles which came from your store, and which were labeled "Abbott's Pharmacy," and which had been sold by you.' That on the same occasion, when R. L. Vinson, who was at the time the husband of the defendant herein, said that she was going to break the plaintiff up and put her in the federal prison, this defendant said: 'Yes, we will certainly tend to that, too.' "

"The plaintiff states: That all of said statements were false and willfully and maliciously made by the defendants on said occasion, and were made by the defendant in the presence of Lucille Roberts, Lenore Roberts, John D. Marcum, Ruby Roberts, the plaintiff, and divers other persons. That the defendant thereby imputed to and charged the plaintiff with the commission of a felony, to wit, a selling of morphine and other narcotic drugs in violation of the laws of the United States, and particularly the law of the United States known as the Harrison Narcotic Act, by the provisions of which law the selling and furnishing of morphine or narcotic drugs to another person, and particularly to a person addicted to the use of narcotics, is a felony, subjecting the person violating said law to indictment, and upon conviction to punishment by confinement in the federal prison for a maximum time of five years. She states that the defendant knew, at the time she made said false statements, that she was imputing to the plaintiff the commission of a felony and the said Lucille Roberts, Ruby Roberts, Lenore Roberts and John D. Marcum understood, at the time the defendant made said statements, that the defendant was imputing to and charging the plaintiff with the commission of a felony.

"The plaintiff states that the said Paul Frazier was, at and for a long period of time next preceding his death, a resident of the same neighborhood in which the plaintiff and defendant, and each of the persons who heard said statements as aforesaid, resided, and was well known to each of them and defendant and plaintiff to be a constant drug addict at the time the defendant charged the plaintiff with selling and furnishing him morphine and other narcotic drugs in the statements set out in her original and this amended petition.

"The plaintiff states that all said false statements made by the defendant as set out in her original and this amended petition were willfully, knowingly, and maliciously made, repeated, and communicated to the persons aforesaid, and were false and of a slanderous and harmful nature, and detrimental to the character and standing of the plaintiff, and were a violation of section 1376n of the Statutes of Kentucky, being chapter 47, page 70, of the Acts of the General Assembly of Kentucky at its 1924 Session, and that she was therefore greatly and permanently damaged in her character and standing as a citizen, and greatly humiliated and caused to suffer great mental anguish, from which she will continue to suffer permanently, and by reason of which wrongful acts by defendant she has been damaged in the sum of $25,000.00, all of which is due and unpaid.

"Wherefore the plaintiff prays as in her original petition and for all proper relief."

A demurrer was sustained to the petition as amended and, appellant failing to plead further, her petition was dismissed. For the reasons stated in the former named action, and on the authority of that case, it is thought that the petition as amended stated a cause of action, and that the court erred in dismissing it.

Wherefore the judgment is reversed, and cause remanded for proceedings consistent with this opinion.

Whole court sitting.